Case 4:23-cv-00716   Document 4   Filed on 03/16/23 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
March 17, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES VALENTINIS-DEE, <br> (BOP #97427-079) | § <br> § <br> § | |
| Petitioner, | § <br> § | |
| vs. | § <br> § | CIVIL ACTION NO. H-23-716 |
| JASON GUNTHER, *et al.*, | § <br> § <br> § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

Federal inmate James Valentinis-Dee filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his current federal and former state sentences. (Docket Entry No. 1). After considering the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts,[1] the court dismisses this petition. The reasons are explained below.

**I.   Background**

In 2006, Valentinis-Dee was serving a term of supervised release on federal charges that originated in the Southern District of Texas. *See United States v. Valentinis-Dee*, Case No. 4:01-cr-68 (S.D. Tex. July 30, 2001). While on supervised release, Valentinis-Dee was arrested on a new state charge of robbery, which resulted in Montgomery County Cause Number 06-05-05110-CR. *See* www.mctx.org (last visited Mar. 1, 2023). He was also indicted on two separate charges of bank robbery in the Eastern District of Texas. *See United States v. Valentinis-Dee*, Case No. 9:06-cr-23 (E.D. Tex. Jan. 31, 2007); *United States v. Valentinis-Dee*, Case No. 9:06-cr-44 (E.D.

---

[1] Rule 1 of the Rules Governing Section 2254 Proceedings in the United States District Courts provides that those rules apply to any petition for writ of habeas corpus. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

Tex. Jan. 31, 2007). The arrest and indictment triggered a warrant for the revocation of his supervised release in his Southern District case. *See United States v. Valentinis-Dee*, Case No. 4:01-cr-68 (S.D. Tex. July 30, 2001), at Dkts. 32, 33.

After being convicted of the new state and federal charges, Valentinis-Dee was sent to the Texas Department of Criminal Justice—Correctional Institutions Division to serve his state sentence. The Southern District of Texas dismissed the revocation warrant in its case based on the new federal and state convictions and sentences. *Id.* at Dkt. 34. When Valentinis-Dee was released from TDCJ custody, he was transferred to the Bureau of Prisons to begin serving his federal sentences in the Eastern District of Texas cases. He is currently incarcerated in a federal prison located in the Middle District of Florida.

In his § 2241 petition, Valentinis-Dee challenges different aspects of his current federal and former state sentences. (Docket Entry No. 1, pp. 6-7). He also asks to be returned to the Southern District to resolve the allegedly outstanding revocation warrant in Case No. 4:01-cr-68. (*Id.* at 7).

**II.     Discussion**

    **A.     The Challenges to the Federal Sentences**

In his first two claims, Valentinis-Dee alleges that the federal court in the Eastern District improperly refused to "group" his federal and state offenses for the purpose of sentencing, resulting in him serving sentences over the statutory maximum. (Docket Entry No. 1, p. 6). He also alleges that the federal court improperly refused to grant him credit against his federal sentences for the state prison time he served. (*Id.*).

To the extent that Valentinis-Dee challenges the validity of the sentences imposed in the Eastern District, this court lacks jurisdiction to consider his claims. *See United States v. De Los*

2

*Reyes,* 842 F.2d 755, 757 (5th Cir. 1988) (federal courts have the obligation to examine the basis of their jurisdiction before ruling on a § 2241 petition). "A [§] 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a [§] 2255 motion." *Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000). Jurisdiction over a § 2255 motion lies only in the district where the petitioner's sentence was imposed. *Id.* at 451 ("A [§] 2255 motion must be filed in the sentencing court."); *see also Ojo v. INS,* 106 F.3d 680, 683 (5th Cir. 1997). Because Valentinis-Dee was sentenced by the Eastern District of Texas rather than by this court, this court lacks jurisdiction to consider his claims attacking the validity of his federal sentences.

This court also lacks jurisdiction to consider any challenge Valentinis-Dee may be making to the manner in which the Bureau of Prisons is carrying out his sentences. A petition challenging the manner in which a sentence is administered is properly considered under § 2241. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). But jurisdiction to consider such a challenge lies only in the district in which the petitioner is incarcerated. *See, e.g., Lee v. Wetzel,* 244 F.3d 370, 373 n.3 (5th Cir. 2001) ("A petition for habeas corpus filed under § 2241 'attacks the manner in which a sentence is carried out,' and must be filed in the district with jurisdiction over the prisoner or his custodian." (quoting *Pack,* 218 F.3d at 451)); *Reyes-Requena v. United States*, 243 F.3d 893, 895 n.3 (5th Cir. 2001). Because Valentinis-Dee is incarcerated in the Middle District of Florida, this court lacks jurisdiction to consider his claims about the manner in which his sentence is being administered.

Valentinis-Dee is not serving a sentence imposed by the Southern District of Texas, and he is not currently incarcerated in this District. This court has no jurisdiction to entertain the challenges to his federal sentences raised in his § 2241 petition. His claims challenging his federal

sentences are dismissed for lack of jurisdiction without prejudice to him refiling them in the proper court.

## B.     The Challenges to the State Sentence

Valentinis-Dee challenges the sentence imposed in his state-court case, alleging that the state trial court failed to order his state sentence to run concurrently with his federal sentence, and that the state appellate court improperly denied his state habeas application raising the issue as time-barred. (Docket Entry No. 1, pp. 6-7).

"For a court to have habeas jurisdiction under § 2241, the prisoner must be 'in custody' at the time he files his petition for the conviction or sentence he wishes to challenge." *Zolicoffer v. United States,* 315 F.3d 538, 540 (5th Cir. 2003); *see also Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (habeas jurisdiction does not lie to challenge an expired sentence even if the petitioner is still "in custody" on separate charges). Publicly available records show that Valentinis-Dee's state sentence is fully expired, and he is no longer in custody under the state-court judgment. This court has no jurisdiction to grant relief relating to an expired state-court sentence.

In addition, even if the court had jurisdiction to consider Valentinis-Dee's claim, the relief he seeks is unavailable. Valentinis-Dee asks this court to issue a writ of mandamus directing the state trial judge to amend the state-court judgment to order that it run concurrently with his federal sentences. (Docket Entry No. 1, p. 7). This court has no authority or jurisdiction "to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties." *Moye v. Clerk, DeKalb Cnty Sup. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973). Nor can this court issue a writ of mandamus to compel a state appellate court to accept an untimely filing. *See Conner v. Tex. Ct. of Crim. Appeal*, 481 F App'x 952, 952 (5th Cir. 2012).

Because Valentinis-Dee is no longer in custody on his state-court sentence, this court has no jurisdiction to entertain his habeas petition challenging that sentence. These claims are dismissed for lack of jurisdiction.

### C. The Challenge to the Revocation of Supervised Release

In his only claim requesting relief related to his Southern District of Texas conviction, Valentinis-Dee asks this court to return him to the Southern District for a hearing on the allegedly pending revocation warrant in Case No. 4:01-cr-68. (Docket Entry No. 1, p. 7). The records in that case show that the revocation warrant was dismissed after Valentinis-Dee was convicted in the 2006 federal and state cases. *See United States v. Valentinis-Dee*, Case No. 4:01-cr-68 (S.D. Tex. July 31, 2001), at Dkt. 34. Because there is no pending revocation warrant to be resolved, Valentinis-Dee's claim for this relief is denied as moot.

### III. Conclusion

Valentinis-Dee's petition for writ of habeas corpus, (Docket Entry No. 1), is dismissed without prejudice to him raising his challenges to his federal sentences in the appropriate court. His challenge to his expired state-court sentence is dismissed with prejudice because the sentence is expired. His challenge to the allegedly pending revocation warrant is denied as moot. No certificate of appealability will be issued. *See Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005) (per curiam); *Pack*, 218 F.3d at 451 n.3.

SIGNED on March 16, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge